OPINION OF THE COURT
William G. Giaccio, J.
The court has recently concluded a violation of probation hearing regarding the probationer, Bruce Jarías, and the court must once again determine whether the probationer has violated the conditions of his probation. While most violation of probation hearings usually boil down to question of facts, *221 the present one involves an interesting question of law which the court believes is one of first impression in this State.
The probationer, Bruce Jarfas, was arrested on September 20, 1985, and subsequently indicted on November 11, 1985, for eight counts of assault in the second degree, criminal possession of a weapon in the fourth degree and menacing. It was alleged that on September 20, 1985 the probationer held his wife hostage, and the police officers responding to the scene suffered various injuries in freeing Mrs. Jarfas. A CPL article 730 exam was ordered and it was determined that the probationer did suffer from a bipolar mental disorder.
On April 10, 1986 this court ordered a prepleading investigation report to assist the court in determining a proper disposition in this matter. On May 15, 1986 the probationer pleaded guilty to assault in the second degree and was sentenced to three months of weekends and five years’ probation.
On August 6, 1986, the Department of Probation filed specifications of alleged violation of probation. Specifically it was alleged that, (1) the probationer failed to lead a law-abiding life, in that on August 4, 1986 he refused to allow his wife to leave the apartment and threatened her with a kitchen knife and (2) he was using marihuana on a regular basis.
On August 27, 1986 the Department of Probation added a third specification to the aforementioned report. The probationer was charged with dousing a sofa cushion with motor oil and lighter fluid and lighting the sofa on fire. The probationer was arrested on August 13, 1986 and subsequently indicted under indictment No. 8155/86 — as to the arson charge.
On December 16, 1986, the probationer pleaded guilty to specifications 1 and 2 while the Department of Probation withdrew specification number 3. The court vacated its prior sentence and the probationer was resentenced to six months’ and five years’ probation.
Of course the story doesn’t end there, for on February 25, 1987, the Department of Probation filed a new violation against the probationer. This new violation was basically specification number 3 of the previous violation. That is, the probationer was being charged, in this violation, for intentionally and recklessly starting a fire in his building on August 7, 1986.
On October 20, 1987, the Department filed two additional specifications of alleged violation of probation. Specification *222 No. 2 was that the probationer failed to lead a law-abiding life, to wit: that "on or about July 10, 1987 at 139-81 35th Avenue, Apartment #5J, Flushing, New York, he did hold Elizabeth Jarías and her sons, Shane and David, hostages preventing them from leaving their home at knifepoint.” Specification No. 3, was that, on or about October 10, 1987 through October 13, 1987, the probationer threatened his wife with bodily harm.
At the violation hearing the Department of Probation produced three witnesses, Elizabeth Jarías, Officer Dominic Amendolare and Fire Marshall David O’Keefe.
The probationer was never indicted as to specifications 2 and 3 but he was indicted on specification 1, the arson charge.
The arson indictment was heard nonjury by another court. That court found the probationer not guilty of three of the counts and not responsible by means of mental defect as to the remaining count of arson in the fourth degree, a class E felony.
The Department of Probation and defense counsel stipulated to the findings made under indictment No. 8155/86, that the probationer was "not responsible by reason of mental disease or defect.” This court also finds that the defendant probationer was not guilty of specifications 2 and 3 because he was suffering from a mental disease or defect at the time of the commission of these acts.
The court is now faced with the interesting question whether one can be considered to have violated the conditions of his probation when the underlying charge or charges have been disposed of by the defense of lack of criminal responsibility by reason of mental disease or defect? To determine the answer the court must first examine what constitutes a violation of the condition of probation.
CPL 410.10 (2) states that the: "Commission of an additional offense, other than a traffic infraction, after imposition of a sentence of probation or of conditional discharge, and prior to expiration or termination of the period of the sentence, constitutes a ground for revocation of such sentence irrespective of whether such fact is specified as a condition of the sentence.” (Emphasis added.)
The term "offense” is defined in section 10.00 (1) of the Penal Law as, "conduct for which a sentence to a term of imprisonment or a fine is provided by law of this state or by any law, local law or ordinance of a political subdivision of *223 this state, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same.”
Our society has decided that one who suffers from a mental disease or defect is to be treated differently from a competent individual. For a person suffering from a mental defect is lacking the substantial capacity to know or appreciate, (a) the nature and consequence of such conduct or (b) that such conduct was wrong. Therefore, once it has been determined that one suffers from a mental disease or defect he or she is not sentenced as a criminal defendant but instead CPL 330.20 is used along with the Mental Hygiene Law to set the procedures for commitment, confinement and release of these persons.
Accordingly, the probationer in this case has not committed an additional offense or crime because he was found to be suffering from a mental defect and cannot be sentenced as a criminal defendant.
It is also true that a probationer is not afforded the same rights of a criminal defendant in that the burden of proof at a violation of probation hearing is not that of beyond a reasonable doubt but as CPL 410.70 (3) states: "A finding that the defendant has violated a condition of his sentence must be based upon preponderance of the evidence.”
This lower standard means that even if a probationer is found not guilty in a criminal case he can still be found guilty of violating his probation. This result is quite proper and logical because of the different burdens of proof involved. An acquittal on a criminal charge means that the People have failed to prove beyond a reasonable doubt that the probationer was guilty of the crimes charged. However, for a probationer to be found guilty of violating his probation, the Department of Probation must only prove by a preponderance of the evidence that he has violated one of the terms of probation.
Does this lower burden of proof help the Department of Probation prove its case against the probationer? The court finds that it does not. When one talks of burdens of proof such as preponderance, reasonable doubt, etc., the courts are looking to the weight of the credible evidence. Can one be insane beyond a reasonable doubt but sane as to a preponderance of the evidence?
While it might be possible to find one sane by using a preponderance test but insane if the test was a reasonable doubt, this court cannot draw such a fine distinction and *224 doesn’t believe that the test of preponderance, under CPL 410.70 (3), was intended to be used in determining a probationer’s competency.
Accordingly, this lower standard of proof in a probation hearing is of no relevancy because the court finds that it was not intended to be used as a test of competency.
The next question becomes whether the mere doing of the act complained of constitutes a violation of probation or must the probationer possess the mental competency to understand he is violating his probation.
The court finds that to be considered a violation, the act complained of must be a knowing act. Since it has been determined that the probationer lacked substantial capacity to either "know or appreciate” his actions, he cannot now be found to have violated his probation. To find otherwise could lead to some unusual results.
For example, in the present case once the court determined in the nonjury trial that the defendant was suffering from a mental disease or defect that court was duty bound to follow the civil commitment section of CPL 330.20 and the defendant probationer could not be criminally incarcerated. If this court were to violate the probationer for the mere doing of the act complained of, the probationer could be criminally committed. In other words while the defendant probationer could not be criminally committed on the underlying arson charge for he was found not responsible, the same act could permit this court to criminally incarcerate the probationer if it was to follow the Department of Probation’s logic. The court finds this result to be illogical, inconsistent and improper. Therefore, this court holds that a finding of not guilty because of mental disease or defect on the underlying charge cannot be used as a predicate for a violation of probation finding.
Accordingly, the court finds after the conclusion of this hearing that the probationer has not violated the terms of his probation. The court also finds that the probationer will not benefit by continuing on probation in lieu of the fact that he is being treated under the civil commitment section of our laws and the probationer is discharged from probation.